Filed 4/30/25  P. v. Cochran CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100064 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-1994-0006963, SC057541A) |
| v. | |
| STEVEN REESE COCHRAN, | |
| Defendant and Appellant. | |

Defendant Steven Reese Cochran was resentenced in 2023 under Penal Code[1] section 1172.75 to 104 years in prison.  Defendant appeals, requesting this court direct the trial court to correct the abstract of judgment and calculate the credits for time served. We remand for the court to do so.

---

[1]     Undesignated section references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, defendant was sentenced to 106 years in prison after being convicted on 24 felony counts, including forcible lewd acts upon a child under the age of 14 (count 21). The sentence included two one-year prior prison term enhancements imposed under section 667.5, subdivision (b), as well as a nine-year enhancement under section 667.8, subdivision (b). At sentencing, defendant was credited with 296 days of actual custody credit and 148 days of conduct credit, for 444 days of total credit.

On December 14, 2022, the trial court filed an ex parte order to resentence defendant under section 1172.75. Section 1172.75, subdivision (a) invalidates "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5."

On November 2, 2023, the trial court struck the two section 667.5, subdivision (b) enhancements and resentenced defendant to 104 years in prison but did not recalculate custody credits. The abstract of judgment for this resentencing reflects the same 296 days of actual custody credit, 148 days of conduct credit, and 444 days of total credit. The abstract of judgment further classifies the section 667.8, subdivision (b) enhancement associated with count 21 as a status enhancement, like an enhancement found true for a prior conviction or prison term.

Defendant appeals.

DISCUSSION

The abstract of judgment filed on December 14, 2023, lists the section 667.8, subdivision (b) enhancement associated with count 21 under status enhancements found true for prior convictions or prior prison terms, not under the section for enhancements charged and found to be true tied to specific counts. Defendant requests we order the abstract of judgment to correctly note this enhancement is tied to a specific count and not as a prior conviction or present term; the People agree. We shall so order.

2

Defendant also requests we direct the trial court to calculate the additional credits for time served since defendant's initial incarceration, which are not reflected in the abstract of judgment from resentencing. However, under section 1237.1, "[n]o appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing." "[S]ection 1237.1 only applies when the sole issue raised on appeal involves a criminal defendant's contention that there was a miscalculation of presentence credits. In other words, section 1237.1 does not require a motion be filed in the trial court as a precondition to litigating the amount of presentence credits when there are other issues raised on direct appeal." (*People v. Acosta* (1996) 48 Cal.App.4th 411, 420.)

Here, the People assert defendant failed to properly follow these procedures but concede we may address his custody credit contention if the above abstract issue is properly before us on appeal. We conclude it is because an abstract of judgment may be corrected on appeal. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time"].) We therefore also conclude the trial court must calculate defendant's credits for time served and modify the abstract of judgment to reflect these credits.

DISPOSITION

The judgment is affirmed. The matter is remanded for the limited purposes of the trial court's calculation of defendant's custody credits and the trial court's classification of the section 667.8, subdivision (b) enhancement as an enhancement charged and found to be true tied to count 21. The trial court is directed to prepare an amended abstract of judgment consistent with this opinion and forward a certified copy to the Department of Corrections and Rehabilitation.



/s/
ROBIE, Acting P. J.



We concur:



/s/
RENNER, J.



/s/
WISEMAN, J.*

---

*        Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4